Filed 1/2/15  In re Armando A. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ARMANDO A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ARMANDO A.,<br><br>  Defendant and Appellant. | F069407<br><br>(Super. Ct. No. 511486)<br><br>**OPINION** |

<u>**THE COURT**</u>*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Shawn D. Bessey, Judge.

Carol Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P.J., Gomes, J., and Peña, J.

## INTRODUCTION

On March 10, 2014, appellant Armando A., who had a prior adjudication pursuant to Welfare and Institutions Code section 602 for one count of felony second-degree robbery (Pen. Code, § 211, count 1),[1] waived his rights to a contested hearing and admitted his second violation of probation. On April 15, 2014, the juvenile court ordered appellant's commitment to the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ), for a maximum term of five years. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS AND PROCEEDINGS

### *Robbery Adjudication*

On August 31, 2012, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging appellant committed a robbery (§ 211) on April 17, 2012, and an enhancement for committing the robbery with the knowledge that another person was personally armed with a firearm (§ 12022, subd. (d)).[2] On August 31, 2012, appellant waived his rights to a contested hearing and admitted the robbery allegation after the court advised him of his rights, as well as the consequences of his plea. The enhancement was dismissed.

The factual basis for the plea was that on April 17, 2012, Alejandro R. was walking down the street with his friend Jesus when appellant and another suspect approached them. The second suspect asked Jesus if he was a "'Scrap.'" Alejandro and Jesus ignored them and kept walking. Appellant and the other suspect started following Alejandro and Jesus. The second suspect pulled out a silver revolver from his pocket and

---

[1]     Unless otherwise designated, statutory references are to the Penal Code.

[2]     In June 2008, appellant received a citation for a misdemeanor violation of section 626.10, subdivision (a). The matter was closed at intake. In April 2009, appellant admitted a misdemeanor theft. The case was successfully closed in October 2009. Appellant received a citation for misdemeanor petty theft in April 2011 and the matter was closed at intake.

demanded Alejandro's phone. Alejandro replied that he had no phone or money. Appellant demanded Alejandro hand over his iPod or he would be shot. Appellant further told Alejandro that if he told the police what happened, appellant would find him and shoot him. Alejandro gave his iPod to appellant.

On September 17, 2012, the juvenile court placed appellant on probation upon various terms and conditions, including that appellant be committed to juvenile hall for 214 days, with credit for 154 days already served.

### First Probation Violation

Appellant's aunt and grandfather reported that appellant absconded in early November 2012. Appellant was arrested in June 2013 on an outstanding bench warrant. On June 10, 2013, a petition alleging a violation of probation was filed alleging these facts, as well as information that appellant was armed with a .25-caliber revolver when he was arrested. The gun had been reported stolen.

On June 18, 2013, appellant waived his rights to a contested hearing and admitted he violated the conditions of his probation. The juvenile court advised appellant that he was facing a possible commitment to DJJ. On August 21, 2013, the juvenile court continued appellant on probation and ordered him committed to juvenile hall for 365 days, with credit for 75 days served. On December 24, 2013, appellant was released on electronic monitoring.

### Second Probation Violation

On December 25, 2013, appellant's aunt reported that appellant had cut off his ankle monitor and left the residence. On February 27, 2014, appellant was arrested while fleeing the home of documented gang members. On the same date, a second notice of probation violation was filed alleging the above fact and that appellant failed to report to his probation officers for the first two months of 2014. On March 10, 2014, appellant waived his right to a contested hearing and admitted the violation of his probation. Prior to doing so, appellant was advised that he was eligible for DJJ commitment.

3

Because appellant had absconded more than once and was associating with a gang, the probation officer recommended that he be placed at DJJ. At the disposition hearing on April 15, 2014, appellant's counsel argued vigorously for a less restrictive commitment alternative. The juvenile court noted that appellant had been absent without leave for approximately 10 months after his felony adjudication. The court found appellant had failed to avail himself of services at the local level. Although appellant did well in the controlled environment of juvenile hall, he was on electronic monitoring for only a day before removing his electronic monitor and absconding again.

The court found appellant would benefit from the services available at DJJ and ordered appellant's commitment there for the maximum term of confinement of five years. The court granted appellant 402 days of custody credits.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) By letter on September 3, 2014, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The orders of the juvenile court are affirmed.